UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

 Plaintiff,

v.                CASE NO. 6:00-cr-009-Orl-19JGG

AMIN JONES,

 Defendant.

## ORDER

This case involves a motion for return of property (Doc. No. 152, filed November 8, 2004) filed by Defendant seeking the return of a 1993 Freightliner truck and Frughthuft trailer (the "truck and trailer"). On December 7, 2004, the Court entered an endorsed Order denying the motion (Doc. No. 154). Defendant filed a motion for reconsideration (Doc. No. 155) of the Order, the Government filed a response (Doc. No. 157) to the motion for reconsideration, and Defendant filed a reply (Doc. No. 158) to the Government's response.

Prior to the initiation of Defendant's criminal proceedings, the truck and trailer were administratively forfeited. Documents filed by Defendant in connection with his § 2255 proceedings demonstrate that he and his attorney received notice of the forfeiture proceedings. *See* Civil Case Number 6:04-cv-1204-Orl-19JGG, Doc. No. 12, Exhibit E.

The Court notes that "[t]his court lacks jurisdiction to review the merits of administrative or nonjudicial forfeiture decisions, but does have jurisdiction over claims seeking review of the adjudicatory process itself." *Mesa Valderrama v. United States*, No. 04-14834, 2005 WL 1703094, at *4 (11th Cir. July 22, 2005). The Eleventh Circuit Court of Appeals has recognized that Criminal

Rule of 41[1] furnishes an appropriate vehicle to bring a Fifth Amendment Due Process challenge to an administrative forfeiture. *See United States v. Williams*, 130 Fed. Appx. 301, 302 (11th Cir. 2005).

Defendant does not challenge the adjudicatory process itself; instead, he contends that the forfeiture was not obtained in good faith. According to Defendant, in return for the forfeiture, the Government agreed not to pursue criminal charges against him. Defendant argues that the subsequent initiation of criminal proceedings against him violated this agreement and requires that the forfeiture be vacated. Because Defendant does not challenge the adjudicatory process, it does not appear that this Court has jurisdiction to review the merits of administrative forfeiture.

Furthermore, even assuming that this Court has jurisdiction, Defendant's contention regarding an immunity agreement was previously rejected by this Court. *See* Doc. No. 139 at 74. Defendant has not presented any allegation undermining that conclusion. Therefore, the motion for reconsideration is **DENIED.**

**DONE AND ORDERED** at Orlando, Florida, this __4th___ day of August, 2005.

*[signature: Patricia C. Fawsett]*

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] Federal Rule of Criminal Procedure 41(g) provides for the return of property: "A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized."

2

Copies to:
sa 8/4
Amin Jones
Counsel of Record